Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LUIS O. JIMÉNEZ COLÓN<br><br>Peticionario<br><br>v.<br><br>ALANNA COLÓN RIVERA<br><br>Recurrida | KLCE202400057 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: Custodia, Patria Potestad, Alimentos<br><br>Caso Núm.:<br>FCU2013-0100 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece ante nos, el *Sr. Luis Omar Jiménez Colón* (en adelante, "Jiménez Colón o peticionario – demandante") mediante el *certiorari* epígrafe, para que revisemos la *Orden* emitida el 15 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "TPI"). Allí, se declaró *No Ha Lugar* la solicitud de reconsideración presentada por el peticionario.

Evaluada la totalidad del expediente, **denegamos** el recurso de *certiorari*. **Veamos.**

**-I-**

Se desprende del expediente que el peticionario, señor Jiménez Colón  y la *Sra. Alanna Colón Rivera* (en adelante, "Colón Rivera o recurrida – demandada") procrearon al menor LRJC.[2] Concluida la relación habida entre ellos, establecieron unos acuerdos referentes al bienestar del menor LRJC, que fueron aprobados y estipulados por el TPI el **11 de marzo de 2014**.[3] Entre

---

[1] Notificada el 18 de diciembre de 2023.
[2] En la actualidad, LRJC tiene la edad de 12 años.
[3] Anejo XI del Peticionario, a las págs. 65 – 68.

las estipulaciones, se estableció la suma $500.00 en concepto de pensión alimentaria, la cual sería pagada por el señor Jiménez Colón directamente a la cuenta de la señora Colón Rivera.[4]

Así las cosas, el **8 de noviembre de 2022** la recurrida presentó una solicitud de modificación de pensión y una moción para que se encontrara incurso en desacato al peticionario por existir una deuda de alimentos.

Luego de varias incidencias, el **11 de octubre de 2023** el Examinador de Pensiones Alimentarias, el *Sr. Juan Carlos Corchado Cuevas* (en adelante, "Corchado Cuevas o Examinador"), celebró una vista.[5] En consecuencia, el **26 de octubre de 2023**,[6] el Examinador emitió el *Informe sobre Pensión Alimentaria Provisional*,[7] en las que esbozó las siguientes determinaciones de hechos:

> *1. Las partes son los padres de Lucas Ronaldo Jiménez, nacido el 22 de diciembre de 2011, quien cuenta con 11 años, y se encuentra bajo la custodia del promovente.*
>
> *2. El promovente se desempeña como vicepresidente en Golden Billing, donde devenga un ingreso neto mensual de $4,079.84.*
>
> *3. La promovida, en adelante la alimentante, se desempeña como Especialista de Habla y Lenguaje en el Centro Tera (servicios profesionales), y como Asistente Administrativa y tripulación de embarcación para E-Holdings (Caribbean Sailors). De su Planilla de Información Personal y económica (PIPE) y su testimonio bajo juramento, surge que tiene gastos mensuales aproximados de $3,000.00, por lo que se le imputaron como ingreso neto mensual.*
>
> *4. A la alimentante le corresponde asumir el 42.37 % del costo de crianza y de los gastos suplementarios del menor. El costo de crianza del menor asciende a $1,315.00, por lo que la pensión alimentaria básica mensual es de $557.22. No obstante, debido a que por las relaciones maternofiliales la promovida pasa el 39.45% del tiempo con el menor, la pensión alimentaria se ajusta a $337.38.*
> *5. El menor tiene el siguiente gasto suplementario:*
>     *a. Gasto mensual de vivienda ($137.71)*
> *6. Realizados los cálculos correspondientes, resulta una pensión alimentaria mensual de $475.10.[8]*

---

[4] *Id.*, a la pág. 68
[5] Anejo II del Peticionario, a las págs. 2 – 5.
[6] Notificado el 1 de noviembre de 2023.
[7] Anejo II del Peticionario, a las págs. 2 – 5.
[8] *Id.*, a las págs. 2 – 3.

Basado en dichas determinaciones, el Examinador recomendó que:

> [S]e imponga a la alimentante la obligación de proveer provisionalmente una pensión alimentaria mensual de $475.10, efectiva al 1 de octubre de 2023 (primer pago el 25 d octubre de 2023), a través del depósito del dinero en efectivo en la cuenta bancaria del promovente.
>
> Además, que se ordene a las partes que los gastos de salud no cubiertos por el plan médico del menor, sea asumido a razón de 42% la alimentante y 58% el promovente, mediante reembolso en el término de 30 días, previa notificación y presentación de evidencia de pago, teniendo 30 días desde que se incurrió en el gasto para presentar dicha evidencia, so pena de entenderse renunciados, salvo que medien circunstancias extraordinarias. [. . .].[9]

Mediante *Resolución* del **27 de octubre de 2023**,[10] el TPI acogió la totalidad del informe y las recomendaciones del Examinador.[11] No obstante, y previo a ser notificada dicha resolución, el **30 de octubre de 2023** la recurrida presentó una *"Moción Urgente Impugnando Informe Del Examinador de Pensiones Alimentarias"*.[12] Luego, la misma parte sometió una *"Moción de Reconsideración y en Auxilio de Jurisdicción"*.[13]

Mediante *Resolución* del **7 de noviembre de 2023**,[14] el TPI acogió la solicitud de reconsideración, y declaró *Ha Lugar* la misma.[15] En lo pertinente, determinó que:

> [E]l tribunal determina que el estado de derecho vigente en el presente caso es el establecido mediante Sentencia emitida el 11 de marzo de 2014. El mismo continuará vigente hasta que el tribunal resuelva las controversias planteadas, las cuales serán atendidas en vista evidenciaría señalada para el 18 de diciembre de 2023.[16]

Inconforme, el peticionario presentó *"Moción Urgente De Reconsideración De Resolución"*,[17] la cual, fue declarada *No Ha Lugar* el **15 de diciembre de 2023**.[18]

---

[9] *Id.*, a la pág. 5.
[10] Notificada el 1 de noviembre de 2023.
[11] Anejo II del Peticionario, a las págs. 6, 8.
[12] Anejo V del Peticionario, a las págs. 16 – 21.
[13] Anejo VI del Peticionario, a las págs. 22 – 23.
[14] Notificada el 9 de noviembre de 2023.
[15] Anejo VII del Peticionario, a las págs. 24 – 26.
[16] *Id.*, a la pág. 26.
[17] Anejo IX del Peticionario, a las págs. 31 – 59.
[18] Notificada el 18 de diciembre de 2023. Anejo I del Peticionario, a la pág. 1.

Aun inconforme, el señor Jiménez Colón recurrió el **17 de enero de 2024** ante este Foro apelativo mediante el auto de *certiorari* y señaló la comisión de los siguientes errores:

> *1. Erró el Tribunal de Primera Instancia al declarar "ha lugar" la Moción de Reconsideración presentada por la parte apelada – demandada el 1 de noviembre de 2023.*
>
> *2. Erró el Tribunal de Primera Instancia al dejar sin efecto la resolución emitida por este mismo Tribunal el 27 de octubre de 2023, en la que se acogió el informe del examinador en su totalidad y sus recomendaciones, fijando una pensión alimentaria provisional de acuerdo a las guías mandatorias y rendido el informe del examinador, conforme a derecho por el distinguido examinador de pensiones que presidió la vista de alimentos el 11 de octubre de 2023.*
>
> *3. Erró el Honorable Tribunal de Primera Instancia **al actuar con** pasión, perjuicio, parcialidad, incurriendo en un error manifiesto **al indicar** que el estado derecho vigente en el presente caso continua siendo el establecido mediante una sentencia basada en una estipulación de acuerdo entre las partes, siendo esta una remota con fecha del 11 de marzo de 2014. Existiendo una determinación reciente y acorde con la realidad actual de ambos padres, establecida conforme a derecho por el distinguido examinador de pensiones y acogida en primera instancia por el propio Tribunal de Instancia mediante resolución del 27 de octubre de 2023, notificada a las partes del 1 de noviembre de 2023 y al dejar sin efecto el señalamiento ante el Oficial Examinador de Pensiones Alimentarias del Tribunal, EPA, para el 14 de diciembre de 2023 y no señalar nueva fecha para la vista final de alimentos.* [sic].

Por su parte, el **1 de febrero de 2024** la representación legal de la recurrida compareció ante nos mediante el escrito intitulado: *"Memorando de Oposición".*[19]

Habiendo comparecido ambas partes, damos por sometido el asunto.

**-II-**

**-A-**

El Tribunal Supremo de Puerto Rico ha señalado que el auto de *certiorari* constituye un vehículo procesal de carácter discrecional que, permite a un tribunal de mayor jerarquía revisar las

---

[19] Informaron que no fueron contratados para brindar representación legal en la etapa apelativa, dado que la recurrida no cuenta con capacidad económica para sufragar dichos servicios. Sin embargo, con el consentimiento de su representada, consignaron la oposición a la expedición del presente recurso.

determinaciones de un tribunal inferior.[20] Por lo cual, se entiende por discreción el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[21]

En ese sentido, la Regla 52.1 de Procedimiento Civil,[22] delimita las instancias en que revisaremos las resoluciones y órdenes interlocutorias emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].[23]*

Con el objetivo de que podamos ejercer nuestra facultad discrecional —de entender o no en los méritos del recurso de *certiorari*— nuestros oficios se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones,[24] que dispone los siguientes criterios para la expedición de un auto de certiorari o de una orden de mostrar causa:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

---

[20] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[21] *García v. Asociación,* 165 DPR 311, 321 (2005).
[22] Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[23] *Id.*
[24] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [25]

Es decir, al contar con la discreción judicial, nos reservamos la determinación de expedir o denegar el auto. Nuestro Alto Foro Judicial ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[26]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[27]

**-III-**

En síntesis, el peticionario señala que el TPI incidió al acoger la solicitud de reconsideración presentada por la recurrida, y dejar sin efecto la determinación emitida el 27 de octubre de 2023. Añade que, al indicar que el estado de derecho vigente en el presente caso es el establecido en la *Sentencia* del 11 de marzo de 2014, el foro recurrido actuó con pasión, prejuicio y parcialidad incurriendo así en un error manifiesto.

No obstante, contrario a los señalamientos del peticionario, el TPI no incidió ni cometió un error manifiesto en el proceder del presente caso. La determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la

---

[25] *Id.*
[26] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[27] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Por lo tanto, y conforme al derecho aplicable, no se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir. Además, el peticionario no señaló prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar el auto de *certiorari* solicitado.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el presente recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones